**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:12-cv-01734-REB-MEH

WADE A. WILLIAMS,

Plaintiff,

v.

PIONEER CREDIT RECOVERY, INC., et al.

Defendants.

---

**DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(6)**

COME NOW Defendants Pioneer, Credit Recovery, Inc. ("Pioneer"), SC Services, & Associates, Inc. ("SCS"), Caryn Benton ("Benton"), Jack Frazier ("Frazier"), Joan M. Ludwick ("Ludwick"), Kathy M. Balus ("Balus"), Kevin T. Dreyer ("Dreyer"), Richard B. Bicknell ("Bicknell") and John R. Woodley, Jr. ("Woodley")(collectively referred to as "Defendants"), by and through their undersigned counsel, and for their Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) (this "Motion"), state as follows:

**CERTIFICATE OF CONFERRAL PURSUANT TO D.C.COLO.LCiv.R 7.1**

The undersigned certifies that, although not required for a dispositive motion, he attempted to confer with Plaintiff regarding the relief requested herein, including sending Plaintiff a Fed.R.Civ.P. 11 "safe-harbor" letter. Plaintiff opposes this Motion.

**I.   INTRODUCTION**

Plaintiff filed this matter on July 5, 2012. See, *Complaint, Doc. No. 1*. Plaintiff alleges violations of the Fair Debt Collection Practice Act, 15 U.S.C. §§ 1692 *et seq.* (the "FDCPA") and the Colorado Fair Debt Collection Practices Act, C.R.S. §§ 12-14-101 *et seq.* (the

"CFDCPA"). Id., First and Second Claims for Relief. The alleged "debt" that Defendants were allegedly attempting to collect was for an unpaid fine related to a speeding ticket. Id., ¶¶ 17-24.

Plaintiff's claims fail as a matter of law because a financial obligation related to an unpaid traffic fine does not constitute a "debt" under either the FDCPA or the CFDCPA.[1] Accordingly, Plaintiff's claims must be dismissed.

## II. RULE 12(b)(6) STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(6) provides grounds for dismissal when the Plaintiff has failed "to state a claim upon which relief can be granted." In considering a motion to dismiss, the Court must "accept the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the non-moving party." Realmonte v. Reeves, 169 F.3d 1280, 1283 (10th Cir. 1999). The relevant "inquiry is whether the complaint contains enough facts to state a claim for relief that is plausible on its face." Moss v. Kopp, 559 F.3d 1155, 1161 (10th Cir. 2009) (citing Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)). To survive a motion to dismiss, a plaintiff must "nudge his claims across the line from conceivable to plausible." Schneider, 493 F.3d at 1177 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." Cory v. Allstate Ins., 583 F.3d 1240, 1244 (10th Cir. 2009) (quoting Hall v. Bellman, 935 F.2d 1106, 1110 (10th Cir. 1991)).

---

[1] Defendants also note that the individual defendants listed in Plaintiff's Complaint are not considered "debt collectors" under the FDCPA. See, 15 U.S.C. § 1692a(6). The named individuals were not involved in the attempts to collect the traffic fine that Plaintiff contends is a "debt." As establishing that the individuals named did not participate in the collection of the financial obligation at issue would likely require the Court to consider matters outside of the pleadings, Defendants intend to raise this issue at the appropriate time, if necessary.

### III.     ARGUMENT

#### A. The Fine Related to a Speeding Ticket does not Constitute a "Debt" under the FDCPA.

Plaintiff has the burden of proof to establish a violation of the FDCPA. Morgan v. Credit Adjustment Board, Inc., 999 F. Supp. 803, 805 (E.D. Va. 1998).  To establish a violation of the FDCPA, three (3) initial requirements must be satisfied: (i) the plaintiff who has been the target of collection activity must be a "consumer" as defined in 15 U.S.C. §1692a(3); (ii) the defendant collecting the debt must be a "debt collector" as defined in 15 U.S.C. §1692a(6); and (iii) the defendant must have engaged in any act or omission in violation of the FDCPA. Id.

The FDCPA defines a "consumer" as "…any natural person obligated or allegedly obligated to pay any debt."  15 U.S.C. § 1692a(3). By the plain definitions set forth in the FDCPA, not all financial obligations are considered to be "debts" under the Act. Hawthorne v. Mac Adjustment, 140 F.3d 1367 (11th Cir. 1998).  Under the FDCPA, the term "debt" is defined as:

> …any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction ***are primarily for personal, family, or household purposes***, whether or not such obligation has been reduced to judgment.

15 U.S.C. § 1692a(5)(emphasis added).  The definition as set forth above plainly limits the application of the FDCPA to consumer debts. See Heintz v. Jenkins, 514 U.S. 291, 293 (1995).  In determining whether a financial obligation constitutes a "debt," courts must look to the substance of the transaction.  Slenk v. Transworld Syst., 236 F.3d 1072 (9th Cir. 2001).

As noted in the Federal Trade Commission (FTC) Official Staff Commentary on the FDCPA, § 1692a(5), "….defines 'debt' as a consumer's 'obligation…to pay money arising out of a transaction in which money, property, insurance, or services (being purchased) are primarily

3

for personal, family, or household purposes…" *FTC Staff Commentary on the Fair Debt Collection Practices Act*, 53 Fed. Reg. 50097, 50101 (Dec. 13, 1988). That section of the FTC Official Staff Commentary explicitly excludes from the definition of a 'debt', any "Unpaid taxes, **fines**, alimony, or tort claims because they are not debts incurred from a 'transaction (involving purchase of) property***or service***for personal, family or household purposes.'" Id (emphasis added).

Courts have uniformly rejected the notion that a financial obligations stemming from a fine does not constitute a debt under the FDCPA. For example, the Court of Appeals for the Seventh Circuit held that financial obligations stemming from fines do not constitute "debts" under the FDCPA. Gulley v. Markoff & Krasny, 664 F. 3d 1073, 1075 (7th Cir. 2011)(affirming the district court's finding that real-estate fines levied against the plaintiff did not constitute a "debt" under the FDCPA). With respect to fines related to traffic offenses, many district courts have specifically found that such financial obligations do not amount to "debts" under the FDCPA. For example, in Williams v. Redflex Traffic Systems, Inc., 2008 U.S. Dist. LEXIS 22723 (E.D. Tenn. Mar. 20, 2008), the court rejected the plaintiff's contention that a traffic citation constituted a "debt" under the FDCPA, finding, "…a 'debt' exists only when it arises out of a voluntary commercial or business transaction between the parties." Id. at 14 (citing Hawthorne, *supra*, 140 F.3d at 1371-72; Mabe v. GC Services Limited Partnership, 32 F.3d 86, 88 (4th Cir. 1994); Staub v. Harris, 626 F.2d 275, 278 (3rd Cir. 1980)). Similarly, in Reid v. Am. Traffic Solutions, Inc., 2010 U.S. Dist. LEXIS 134518 (S. D. Ill. Dec. 20, 2010), the court held that fines imposed as a result of "red-light" traffic violations are not debts, holding:

> The plaintiffs have not pled any facts plausibly suggesting that the fines at issue in this case can reasonably be viewed as the product of consensual consumer transactions. They are not the product of a negotiation or contract, explicit or implied, where the plaintiffs purchased

>the right to run red lights in order to accomplish personal or family purposes. On the contrary, the fines are penalties for violating traffic ordinances that were enacted by municipal legislative bodies. Like parking tickets in *Graham* and traffic fines in *Mills*, they are not debts under the FDCPA.

Id., * 14 (citing Graham v. ACS State & Local Solutions, Inc., 2006 U.S. Dist. LEXIS 73973, *2 (D. Minn. Oct. 10, 2006); Mills v. City of Springfield, Mo., 2010 U.S. Dist. LEXIS 92031, *15-16 (W.D. Mo. Sept. 3, 2010)).  See also, Yon v. Alliance One Receivables Mgmt., Inc., 2007 U.S. Dist. LEXIS 89492, *2-3 (S.D. Fla. Dec. 5, 2007).

As Plaintiff's financial obligation related to his speeding ticket simply does not meet the definition of "debt" under the FDCPA, his FDCPA claim fails as a matter of law and must be dismissed.

### B. The Fine Related to a Speeding Ticket does not Constitute a "Debt" under the CFDCPA.

The CFDCPA defines a debt as, "…any obligation or alleged obligation of a consumer to pay money arising out of a transaction, whether or not such obligation has been reduced to judgment."  C.R.S. § 12-14-103(6)(a). When an obligation does not constitute a "consumer transaction," then it does not qualify as a debt under the CFDCPA.  See generally, Rector v. City and County of Denver, 122 P.3d 1010 (Colo. App. 2005). In this case, there is simply no consumer transaction which would trigger application of the CFDCPA.

Because the CFDCPA is patterned after the federal Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.,* (the "FDCPA"), any interpretations of the FDCPA's provisions are persuasive when analyzing with similar state provisions. Udis v Universal Communications Company, 56 P.3d 1177, 1179-1180 (Colo. App. 2002); see also, Commercial Service of Perry v. Fitzgerald, 856 P.2d 58, 60 (Colo. App. 1993).  For the very same reasons set forth in Section III

A. above, the fine related to Plaintiff's speeding ticket does not constitute a "debt" and, therefore, Plaintiff's claim under the CFDCPA fails as a matter of law.

### C. A Collection Company's Compliance with the FDCPA or CFDCPA does not Convert the Financial Obligation to a "Debt."

Defendants anticipate that Plaintiff may argue that because he allegedly received a letter referring to the CFDCPA, that the financial obligation constitutes a "debt." See, *Complaint*, ¶ 21. To the extent Plaintiff proffers such an argument, it must be rejected. A company's compliance (or stated compliance) with the FDCPA does not render it to be a collector of a "debt." See, Hawthorne v. MAC Adjustment, 140 F.3d 1367 (11th Cir. 1998); Betts v. Equifax, 245 F. Supp. 2d 1130 (W.D. Wa. 2003)(use of "Mini-Miranda" does not necessarily make an agency a debt collector); Alexander v. Omega Mgmt., Inc., 67 F. Supp. 2d 1052, 1056 (D. Minn. 1999)(same). As stated by the U.S. Court of Appeals for the Eleventh Circuit in Hawthorne:

> …Hawthorne attempts to avoid our conclusion by contending that Mac Adjustment waived "any claim to be exempted from the FDCPA." Appellant's Brief at 5. Specifically, she claims that Mac Adjustment "voluntarily inclu[ded] ... FDCPA language in its dunning letter" and thus waived its ability to contend now that the FDCPA does not apply. *Id.* at 6. In support of her argument, Hawthorne relies upon *Vasquez v. Allstate Insurance Co.,* 937 F.Supp. 773 (N.D.Ill.1996).
>
> Several problems with Hawthorne's argument exist. First, we note that the letter sent by Mac Adjustment does not refer to the FDCPA at all. Second, federal jurisdiction in this case is predicated on the alleged existence of a federal question under the FDCPA. We have held, however, that the FDCPA does not apply in this case. Thus, to the extent that Mac Adjustment chooses to govern itself according to certain principles of the FDCPA without referring to them expressly in its dunning letters, it is well established that the parties cannot confer federal jurisdiction by "waiving" into applicability of the FDCPA. *See Eagerton v. Valuations, Inc.,* 698 F.2d 1115, 1118 (11th Cir.1983). Rather, federal jurisdiction may be created only by

congressional grant. *See Weinberger v. Bentex Pharmaceuticals,* 412 U.S. 645, 652 , 93 S.Ct. 2488, 2493, 37 L.Ed.2d 235 (1973).

<u>Hawthorne</u>, F.3d 1367 at 1370 (11th Cir. 1998).

Accordingly, irrespective of any reference to the CFDCPA, Plaintiff's financial obligation in this case does not constitute a "debt" under the FDCPA or CFDCPA and accordingly must be dismissed.

WHEREFORE, Defendants respectfully pray that Plaintiff's Complaint be dismissed as a matter of law, that Defendant be awarded its reasonable attorneys' fees and costs in defending this action, and for such other and further relief as this Court deems proper.

RESPECTFULLY SUBMITTED this 17th day of August, 2012.

ADAM L. PLOTKIN, P.C.

By: <u>s/ Steven J. Wienczkowski, Esq.</u>
Steven J. Wienczkowski, #33105
621 Seventeenth Street, Suite 1800
Denver, Colorado 80293
Telephone: (303) 296-3566
FAX: (303) 296-3544
E-mail: swienczkowski@alp-pc.com
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on August 17, 2012 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will and by placing the same in the US Mail addressed to:

Wade A. Williams
13843 Fairfax Street
Thornton, CO 80602

By: <u>s/Steven J. Wienczkowski, Esq._____</u>
Steven J. Wienczkowski