**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:12-cv-01734-REB-MEH

WADE A. WILLIAMS,

Plaintiff,

v.

PIONEER CREDIT RECOVERY, INC., et al.

Defendants.

---

### DEFENDANTS' MOTION FOR SANCTIONS

COME NOW Defendants Pioneer Credit Recovery, Inc. ("Pioneer"), SC Services & Associates, Inc. ("SCS"), Caryn Benton ("Benton"), Jack Frazier ("Frazier"), Joan M. Ludwick ("Ludwick"), Kathy M. Balus ("Balus"), Kevin T. Dreyer ("Dreyer"), Richard B. Bicknell ("Bicknell") and John R. Woodley, Jr. ("Woodley")(collectively referred to as "Defendants"), by and through their undersigned counsel, and for their Motion for Sanctions (this "Motion"), state as follows:

### CERTIFICATE OF CONFERRAL PURSUANT TO D.C.COLO.LCiv.R 7.1

The undersigned certifies that he conferred with Plaintiff regarding Defendants' intention to file a motion to dismiss and its intention to seek attorneys' fees and costs unless Plaintiff's Complaint was voluntarily dismissed. Specifically, the undersigned sent Plaintiff a letter on July 26, 2012 (21 days prior to the filing of this instant Motion), which included the draft of the Motion to Dismiss filed with this Court (Doc. No. 6). See, **Exhibit A**, attached hereto. Plaintiff responded to the undersigned's letter via E-mail, and indicated that he would not voluntarily dismiss the Complaint. See, **Exhibit B**.

## I. INTRODUCTION

Plaintiff filed this matter on July 5, 2012. <u>See</u>, *Complaint, Doc. No. 1*. Plaintiff alleges violations of the Fair Debt Collection Practice Act, 15 U.S.C. §§ 1692 *et seq.* (the "FDCPA") and the Colorado Fair Debt Collection Practices Act, C.R.S. §§ 12-14-101 *et seq.* (the "CFDCPA"). <u>Id</u>., First and Second Claims for Relief.  The alleged "debt" that Defendants were allegedly attempting to collect upon was for an unpaid fine related to a speeding ticket. <u>Id</u>., ¶¶ 17-24.

Plaintiff's claims fail as a matter of law because a financial obligation related to an unpaid traffic fine does not constitute a "debt" under either the FDCPA or the CFDCPA. Accordingly, Defendants sent Plaintiff a "safe-harbor" letter pursuant to Fed.R.Civ.P. 11, wherein it was explained to Plaintiff why his claims fail as a matter of law.[1] <u>See</u>, **Exhibit A**.  The undersigned outlined the potential consequences for failing to dismiss the Complaint, including references to Rule 11 as well as 15 U.S.C. § 1692k(a)(3). <u>Id</u>.  Plaintiff refused to dismiss his Complaint. <u>See</u>, **Exhibit B**.  Accordingly, Defendants filed a Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) on August 17, 2012. <u>See</u>, Doc. No. 6.   As Plaintiff has refused to dismiss a Complaint which is not well-grounded in fact or law, and is so legally untenable that the only conceivable purpose of continuing to prosecute this case is to harass Defendants, Defendants request that the Court impose sanctions pursuant to Fed.R.Civ.P. 11.  In addition to sanctions under Rule 11, Defendants request that the Court find that Plaintiff's Complaint has been brought in "bad faith" and "for the purpose of harassment" under 15 U.S.C. § 1692k(a)(3) and award Defendants their reasonable costs and attorneys' fees incurred in defending this action.

---

[1] It should also be noted that, prior to assignment of the matter to the undersigned's law firm, Associate General Counsel for Defendant Pioneer Credit Recovery, Inc. sent Plaintiff a letter on March 9, 2012, specifically detailing for Plaintiff why his claims failed as a matter of law. <u>See</u>, **Exhibit C**.

## II. PLAINTIFF VIOLATED FED.R.CIV.P. 11

Fed.R.Civ.P. 11 imposes a duty to certify that representations made to the court are not being presented for an improper purpose such as to harass (Rule 11 (b)(1)) and that the factual allegations have evidentiary support (Rule 11 (b)(3)). As stated by the Supreme Court in Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990), "Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and not interposed for any improper purpose." "A complaint containing allegations unsupported by any information obtained prior to filing, or allegations based on information which minimal factual inquiry would disprove, will subject the author to sanctions." In re Kunstler, 914 F. 2d 505, 516 (4th Cir. 1990). Rule 11, "…states unambiguously that any signer must conduct a 'reasonable inquiry' or face sanctions." Bus. Guides, Inc. v. Chromatic Communs. Enters., 498 U.S. 533, 548 (1991). The Tenth Circuit has held, "…an attorney's actions must be objectively reasonable in order to avoid Rule 11 sanctions." Adamson v. Bowen, 855 F. 2d 668, 673 (10th Cir. 1988).

Importantly, Rule 11 applies to both attorneys and pro se litigants equally. See, Patterson v. Aiken, 841 F.2d 386, 387 (11th Cir. 1988)("[P]ro se filings do not serve as an 'impenetrable shield [from the application of Rule 11], for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.")(quoting Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986)). [2]

As set forth in Defendants' Motion to Dismiss, the underlying financial obligation at

---

[2] Defendants note that, while Plaintiff is pro se, he is not new to legal proceedings, having filed at least two other lawsuits in this district under the FDCPA and CFDCPA. See, *Williams v. Richard J. Boudreau & Associates, LLC*-11-cv-02583-REB-MEH; *Williams v. Brachfeld Law Group*, 12-cv-00567-REB-MEH.

issue in this case was for a speeding ticket, which does not qualify as a "debt" under either the FDCPA or the CFDCPA. Despite having provided Plaintiff with the legal authority establishing that Plaintiff's claims fail as a matter of law, Plaintiff has refused to dismiss his Complaint. See, **Exhibits A, B, and C.** Even a cursory review of the law provided to Plaintiff, both before and after the Complaint was filed, would reveal that the Complaint was not well-grounded in fact or law. Plaintiff should be sanctioned for his refusal to dismiss this matter. Defendants request that they be awarded their costs and attorneys' fees in defending this matter, via a fee petition to be submitted upon the granting of this Motion.

**III.   DEFENDANTS SHOULD BE AWARDED THEIR REASONABLE FEES AND COSTS PURSUANT TO 15 U.S.C. § 1692k(a)(3)**

In addition to violating Rule 11, Defendants submit that they should be awarded their fees and costs under the FDCPA. The FDCPA provides that an action brought in "bad faith" and "for the purpose of harassment" may entitle the defendant to attorneys' fees and costs. 15 U.S.C. § 1692k(a)(3). "Bad faith" has been defined as conduct without at least a colorable basis in law. Benner v. Negley, 725 F.2d 446, 449 (7th Cir. 1984). A major aspect of "bad faith" is "… 'a lawsuit [that] is so completely without hope of succeeding that the court can infer that the plaintiff brought the suit to harass…rather than to obtain a favorable judgment." Smith v. Argent Mortg. Co., LLC, 2008 U.S. Dist. LEXIS 35152, *4 (D. Colo. April 22, 2008)(finding that the fact that plaintiffs litigated their FDCPA case for two years but came to trial with no evidence to support claim supported inference that primary purpose was for harassment)(citing Black v. Equinox Financial Management Solutions, Inc., 444 F. Supp. 2d 1271, 1275 (N.D. Ga. 2006)).

Despite having been on notice as to the lack of merit of Plaintiff's claims, both prior to filing the Complaint, and after, Plaintiff has simply refused to dismiss the Complaint. Plaintiff

has provided no basis in fact or law to support his claims in this case. As Plaintiff's claims have no colorable basis in fact or law, the only reasonable conclusion that one can reach from the continued prosecution of his claims against Defendants is that Plaintiff is attempting to harass Defendants into a settlement and/or force Defendants to incur costs and fees in defending this matter. Defendants submit that they should be awarded their reasonable costs and attorneys' fees in defending this matter under 15 U.S.C. § 1692k(a)(3).

WHEREFORE, for reasons discussed herein and in Defendants' Motion to Dismiss, Defendants respectfully pray that this Court enter an award of sanctions in their favor against Plaintiff, in the amount of all of Defendants' attorneys' fees and costs related to their defense of this action in a fee petition to be submitted upon the granting of this Motion, and for such other and further relief as this Court deems proper.

RESPECTFULLY SUBMITTED this 17th day of August, 2012.

ADAM L. PLOTKIN, P.C.

By: s/ Steven J. Wienczkowski, Esq.
Steven J. Wienczkowski, #33105
621 Seventeenth Street, Suite 1800
Denver, Colorado 80293
Telephone: (303) 296-3566
FAX: (303) 296-3544
E-mail: swienczkowski@alp-pc.com
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on August 17, 2012 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and placed the same in the US Mail addressed to:

Wade A. Williams
13843 Fairfax Street
Thornton, CO 80602

By: s/Steven J. Wienczkowski, Esq.
Steven J. Wienczkowski

5