FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 0 6 2012

JEFFREY P. COLWELL
CLERK

UNITED STATES DISTRICT COURT
United States District Court for the District of Colorado

WADE A. WILLIAMS
    Plaintiff,

Case No. 1:12-cv-01734-REB-MEH

-v-

PIONEER CREDIT RECOVERY, INC., et al.
    Defendants.

## PLAINTIFF'S RESPONSE TO THE MOTION FOR SANCTIONS

Plaintiff respectfully requests that this Court deny the motion for sanctions filed by Steven J. Wienczkowski, Esq. and states the following:

## Introduction

1) Plaintiff is Wade A. Williams; defendants are Pioneer, Credit Recovery, Inc. ("Pioneer"), SC Services, & Associates, Inc. ("SCS"), Caryn Benton ("Benton"), Jack Frazier ("Frazier"), Joan M. Ludwick ("Ludwick"), Kathy M. Balus ("Balus"), Kevin T. Dreyer ("Dreyer"), Richard B. Bicknell ("Bicknell") and John R. Woodley, Jr. ("Woodley")(collectively referred to as "Defendants").

2) On July 5th, 2012 plaintiff sued defendants for violation of the Fair Debt Collections Practices Act (hereinafter FDCPA) and The Colorado Fair Debt Collections Practices Act (Hereinafter CFDCPA)..

3) On August 17th, 2012 defendants filed a motion for sanctions on plaintiff's cause of action for violations of the FDCPA.

4) Sanctions are improper in this case because the motion does not even hint at any wrongful motive or actual bad faith on the part of Plaintiff given the evidence available to Plaintiff.

## Statement of Facts

5) In the defendant's motion to for sanctions, the motion continually refers to an alleged speeding ticket. To date, the record fails to show a ticket. This illusory ticket is a requirement for these debt collection activities to be based on a ticket.

6) Plaintiff is not in possession of any proof of judgment nor is there proof of judgment on the record.

7) Plaintiff is not aware of any witnesses to the alleged ticket. The record fails to show any witnesses to an alleged ticket.

8) The original complaint, ¶ 19 states, "Williams at no time has received a validated copy of any speeding ticket from 1987".

9) The original complaint, ¶ 20 states," Williams at no time has received any evidence of any ticket".

10) SCS admitted to being a debt collector on their website used to collect the disputed debt (See attachment B). On the SCS webpage it states, "This is an attempt to collect a debt by a debt collector..."

11) On the account Statement Printout (attachment C). Printout of account sent to Williams by Dreyer's office on March 9th, 2012 states, "Orig Debt: 50.00"

## **Standard of Review**

12) Federal Rules of Civil Procedure's Rule 11(b) states the following:

By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

>  (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
>  (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
>  (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
>  (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

13) The courts apply an objective standard; the "least sophisticated" or "unsophisticated" consumer standard. The U.S. Court of Appeals for the Eleventh Circuit in Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985), expressly rejected the standard employed by the district court, see also Blackwell v. Professional Business Servs., 526 F.Supp. 535 (N.D.

Ga. 1981), of whether a reasonable consumer would be misled or deceived, and applied the "least sophisticated consumer" standard to the deception analysis, 760 F.2d at 1177, utilizing the FTC standard. Id. at 1172-75. It reasoned that that Congress' intent in enacting the FDCPA -- as explicitly stated at 15 U.S.C. 1692(a) & (b) and as found in the Act's legislative history -- was to strengthen the federal protections for consumers. It would thwart this legislative intent to adopt a less protective standard for the FDCPA than the FTC Act. As more recently explained in Clomon v. Jackson, "The basic purpose of the least-sophisticated consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." 988 F.2d 1314 (2d Cir. 1993). See also Bentley v. Great Lakes Collection Bureau, 6 F.3d 60 (2d Cir. 1993); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988).

14) Some courts have required that a misrepresentation or omission be material to the unsophisticated or least sophisticated consumer. Wahl v. Midland Credit Mgmt., 556 F.3d 643 (7th Cir. 2009); Hahn v. Triumph P'ships LLC, 557 F.3d 755, 757 (7th Cir. 2009); Miller v. Javitch, Block & Rathbone, 561 F.3d 588, 596 (6th Cir. 2009); Donohue v. Quick Collect, Inc., 592 F.3d 1027 (9th Cir. 2010). All conduct specifically prohibited or disclosures specifically required by the FDCPA is "material." Mark v. J. C. Christensen & Assoc., Inc., 09-100, 2009 U.S.Dist. LEXIS 67724, *11 (D.Minn. Aug. 4, 2009).

15) Under either the "least sophisticated" or "unsophisticated" consumer standard, a collection communication which can plausibly be read in two or more ways, at least one of which is misleading, violates the law. Russell v. Equifax A.R.S., 74 F.3d 30, 35 (2d Cir. 1996). Accord Wilson v. Quadramed Corp., 225 F.3d 350, 354 (3rd Cir. 2000). See Gionis v. Javitch, Block & Rathbone, LLP, Nos. 06-3048 & 06-3171, 238 Fed. Appx. 24; 2007 U.S.

App. LEXIS 14054 (6th Cir., June 6, 2007), aff'g, Gionis v. Javitch, Block & Rathbone, 405 F. Supp. 2d 856 (S.D. Ohio,2005).

## **Argument**

16) The motion filed by the Defendants does not even make an attempt to set forth for the Court the legal standards and elements for the granting of sanctions. The motion does not attempt to demonstrate any bad faith associated with the signing and filing of the Complaint or Plaintiff's behavior given that there is no validated ticket on record. The motion does not even identify the specific issue that was supposedly brought forth in bad faith. As will be demonstrated below, the motion itself is groundless.

17) Defendant's attempts to show bad faith are based on a premise that there is a ticket. These accusations of bad faith are conclusory as there is no ticket on record. The Defendant's motion for sanctions does not even hint at any wrongful motive or actual bad faith on the part of Plaintiff if there is no ticket on record.

18) The purpose of rule 11 sanctions is "to sanction lawyers who abuse the litigation process." Donaldson, 819 F.2d at 1559. Plaintiff has not been shown to have been abusing the litigation process. The process litigation process would likely have never begun had defendants produced a ticket and judgment.

19) The defendants must therefore prove **through evidence before the court** rather than conclusory statements or speculation based on facts not in evidence. Defendants placed no evidence before the court that Plaintiff was acting in bad faith.

20) There is no validated evidence of a ticket offered by the defendants. Had there been a believable validated ticket sent to the Plaintiff prior to his filing of the complaint, the Plaintiff would not have filed a complaint against defendants. By not producing a ticket and judgment for the record, if there is bad faith it is more likely to be by the Defendants.

21) There is more evidence on record that this is a debt than evidence that there is a validated ticket as there is no ticket of record. Attachment B is on the record where SC Services states, "This is an attempt to collect a debt by a debt collector..." If this is not true, then Plaintiff was misled by false statements by SC Services.

22) There is not one document in the record submitted by defendants as <u>verified evidence</u> to show the existence of any alleged "ticket" indicating the time of the infraction, the officer issuing the citation, the original ticket number, the judgment, the judgment date, the judge issuing the judgment, the fine resulting from the judgment, or the court that awarded a judgment. With no evidence in hand or on the record, Plaintiff does not believe there is a ticket. Without plaintiff believing there is a ticket, there is no bad faith for filing and FDCPA complaint.

23) Given that there is no ticket or judgment on the record and that SC Services stated they are a debt collector, it is understandable that an "unsophisticated consumer" such as Plaintiff Williams may believe this debt is not caused by a ticket that to date he has not seen.

24) On the document that was sent to me by Kevin Dreyer's office (attachment C) there are apparent inconsistencies about the alleged ticket. The case number is "Case Nbr: 1986TR002738D". Also in the document it states an alleged ticket date of "Ticket Date: 4/22/1987". The first four digits from the alleged case number strongly suggest a case from 1986 while the alleged ticket date was in 1987. Plaintiff does not believe there can be a case before there is a ticket or a ticket after a case. The plaintiff believes this evidence on record suggests shoddy recordkeeping or perhaps something more serious.

25) The statements in defendants' motion fail to show case law where the existence of a ticket or fine is disputed by a plaintiff.

26) This case was pled with sufficient particularity.

## Evidence

27) In support of his response, plaintiff includes the following evidence in the attached appendix:

  a) Affidavit (attachment A). The affidavit of Wade A. Williams establishes the fact that there is no evidence before the court that there is ticket or judgment known to Wade A. Williams. The affidavit of Wade A. Williams also establishes the fact that Pioneer did attempt to collect the alleged debt without validating the debt or giving proper disclosure with a "mini-Miranda".

  b) Printout of SC Services Webpage (attachment B). Clearly states, "This is an attempt to collect a debt by a debt collector…"

  c) Statement Printout (attachment C). Printout of account sent to Williams by Dreyer's office on March 9th, 2012. Clearly states, "Orig Debt: 50.00" Also clearly states "Ticket Date: 4/22/1987" and "Case Nbr: 1986TR002738D".

## Conclusion

27. Without proof of a ticket and judgment being on the record or in the possession of the Plaintiff, the defendants have not met their burden to show that the Defendant was acting in bad faith. Before there can be a dismissal based on the FDCPA not being applicable to a ticket, there has to be a ticket. There is no ticket or judgment on record thus making all statements based on an illusory ticket conclusory. Plaintiff did not base his decisions on any illusory items; only the facts on record or in his possession. Plaintiff acted in good

faith based on not having seen proof of a ticket. Further, Plaintiff will likely withdraw from this case if a validated ticket and judgment is presented to him or put on the record. In that event Plaintiff will also ask that both sides pay their own costs.

WHEREFORE, because the Defendants have failed to show that the Plaintiff violated Rule 11 by conduct that had shown bad faith. Based on there being no Rule 11 violations the Plaintiff respectfully requests the Court deny the Defendants' motion to dismiss and allow Plaintiff's claim to move forward to trial on the merits.

Respectfully Submitted,

Wade A. Williams

13843 Fairfax Street

Thornton, Colorado 80602

(720) 515-9233

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the document above was mailed USPS first class mail to the persons listed below on __September 5, 2012__ :

Steven J. Wienczkowski, Esq.

621 Seventeenth Avenue, Suite 1800

Denver, Colorado 802933

By: _/s/ Wade A. Williams_

Wade A. Williams

13843 Fairfax Street

Thornton, Colorado 80602

(720) 515-9233

Attachment A

## AFFIDAVIT

NOW COMES the Affiant, Wade A. Williams of Thornton, Colorado who is over the age of 21 years, competent to testify, and declares as follows under penalty of perjury regarding 1:12-cv-01734-REB-MEH Wade A Williams v Pioneer Credit Recovery, Inc., et al. (hereinafter "Defendants"), :

1. That Affiant/Plaintiff is not in receipt of anything, nor is there anything on the record made, that would show or prove that there was a ticket given to Affiant/Plaintiff in 1987.

2. That Affiant/Plaintiff is not in receipt of anything, nor is there anything on the record made, that would show or prove that there was a judgment based on a speeding ticket against Affiant/Plaintiff in 1987.

3. That Affiant/Plaintiff is not aware of any witnesses to the alleged ticket. The record fails to show any witnesses to an alleged ticket.

4. That Affiant/Plaintiff does not recall being in Wayne Illinois in 1987.

5. The record fails to show Affiant/Plaintiff was in Wayne Illinois in 1987.

6. That Affiant/Plaintiff does not recall getting a ticket in 1987.

7. The record fails to show Affiant/Plaintiff was given a ticket in 1987.

8. That Affiant/Plaintiff is not in receipt of anything, nor is there anything on the record made, that would show or prove that Defendants acquired any interest in any account or ticket of Wade A. Williams from anyone.

9. The Affiant/Plaintiff did visit the SC Services, & Associates, Inc. website and read "This is an attempt to collect a debt by a debt collector..." (See attachment B).

Attachment A

10. The Affiant/Plaintiff did receive an account printout from Attorney Dreyer's office that stated: "Orig Debt: 50.00"

### NOTARY'S VERIFICATION

STATE OF COLORADO    §
                     §
COUNTY OF Adams      §

On this day personally came before me the above-named Affiant, who proved his identity to me to my satisfaction, and he acknowledged his signature on this Affidavit in my presence and stated that he did so with full understanding that he was subject to the penalties of perjury.

AFFIRMATION

I hereby affirm that I prepared and have read this Affidavit and that I believe the foregoing statements in this Affidavit to be true and correct. I hereby further affirm that the basis of these beliefs is my own direct knowledge of the statements described herein.

Further the Affiant sayeth naught.

Signed in Thornton, Colorado
Date: September 5, 2012

Wade A. Williams

Name of Notary Ann Myong
Signature of notary

seal

**ANN MYONG**
**NOTARY PUBLIC**
**STATE OF COLORADO**
**NOTARY ID 20034037591**
**MY COMMISSION EXPIRES NOVEMBER 4, 2015**

|  |  |  |
|---|---|---|
| Only Payments Made In-Full are accepted on this website. If you want to make a partial payment please contact our main office (386) 752-0068 Option 6 | **SC SERVICES COURT PAY ONLINE**<br><br><--Please Read Below and Press the "ACCEPT" button to proceed with payment options.<br>\| ACCEPT \| | SC SCSERVICES<br>P.O. Box 3116<br>Lake City, Fl 32056<br>Monday through Friday<br>Business Hours:<br>08:00 - 17:00 EST<br>(386) 752-0068 |

By Clicking the button marked "ACCEPT" you agree and acknowledge that you have been directed to this website by a written communication from SC Services. (a debt collector for Local Governments) ,which included an explanation of your important rights (if applicable), payment options, your account number, total balance due and the name of the original creditor/municipality or other Governmental agency of your account. If you are not responding to such a communication or if you do not want to pay online, please contact our office at (386) 752-0068 or write us at P.O. Box 3116, Lake City, FL 32056 to obtain alternative instruction.

You further acknowledge that by clicking on the button above, you understand that certain private information about your account will be displayed on your screen. You are responsible for maintaining the information displayed as private and take all responsibility for any disclosure of information to any third party occurring beyond this point. You may call the phone number above if you do not wish to continue to use this website.

Additional fees will be assessed for using your credit or debit card on this pay site, which will be stated prior to processing your payment. SC Services and Associates is not affiliated with any Department of Motor Vehicles and can not issue clearances nor can SC Services reinstate a driver's license.

** EBT, Child Support, SSI cards can not be used for payment

For technical issues or questions email SC Services Tech Support HERE

SC Services is a debt collector for Municipalities and Local Governments. This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose.

Please note: Pioneer Credit Recovery has taken over collection of your court debt from SC Services on behalf of their clients. All further contact and questions should be directed to Pioneer Credit Recovery. Please refer to the toll free number listed in your correspondence.

Attachment C

Network UserID: e65165   PC:   PWNIFISBC   PRINT DATE: 3/1/2012 4:42:09 PM

scsid: 01700001910170043   State: IL   County: WAYNE

| Field | Value | Field | Value |
|---|---|---|---|
| Case Nbr: | 1986TR002738D | Ticket Number: 001 | Ticket Date: 4/22/1987  Offense: DRVG 16-20 MPH ABOV |
| Last Name: | WILLIAMS | First Name: WADE | Middle Name: A  DOB: 10/20/1965 |
| Address: | 13843 FAIRFAX ST | City: THORNTON | State: CO  Zip Code: 80602-7867 |
| Orig Debt: | 50.00 | SCS Fee: 15.00 | Prof Fees: 0.00 |
| TicketPPFee: | $0.00 | Fax Fee: 0.00 | Add'l Hdlg: 0.00  Bad Ck Fee: 0.00 |
| Total Due: | 65.00 | Status: ACTIVE | Paid Off Date:  Last Ltr Dt: 2/22/2012 |

PAYMENTS