FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 0 6 2012

JEFFREY P. COLWELL
CLERK

UNITED STATES DISTRICT COURT
United States District Court for the District of Colorado

WADE A. WILLIAMS
    Plaintiff,

-v-

Case No. 1:12-cv-01734-REB-MEH

PIONEER CREDIT RECOVERY, INC., et al.
    Defendants.

---

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED.R.CIV.P.12(B)(6)**

---

Plaintiff asks the court to deny defendant's motion for summary judgment and states the following:

## Introduction

1) Plaintiff is Wade A. Williams; defendants are Pioneer, Credit Recovery, Inc. ("Pioneer"), SC Services, & Associates, Inc. ("SCS"), Caryn Benton ("Benton"), Jack Frazier ("Frazier"), Joan M. Ludwick ("Ludwick"), Kathy M. Balus ("Balus"), Kevin T. Dreyer ("Dreyer"), Richard B. Bicknell ("Bicknell") and John R. Woodley, Jr. ("Woodley")(collectively referred to as "Defendants").

2) On July 5th, 2012 plaintiff sued defendants for violation of the Fair Debt Collections Practices Act (hereinafter FDCPA) and The Colorado Fair Debt Collections Practices Act (Hereinafter CFDCPA)..

3) On August 17th, 2012 defendants filed a motion to dismiss pursuant to Fed. R. CIV. P. 12(b)(6) on plaintiff's cause of action for violations of the FDCPA.

4) Summary Judgment is improper in this case because there are genuine issues of fact on each element of plaintiff's cause of action for violations of the FDCPA: illegal collection activities.

## Statement of Facts

5) In the defendant's motion to dismiss, the motion continually refers to an alleged speeding ticket. To date, the record fails to show a ticket. This illusory ticket is a requirement for these debt collection activities to be based on a ticket.

6) Plaintiff is not in possession of any proof of judgment nor is there proof of judgment on the record.

7) Plaintiff is not aware of any witnesses to the alleged ticket. The record fails to show any witnesses to an alleged ticket.

8) The original complaint, ¶ 19 states, "Williams at no time has received a validated copy of any speeding ticket from 1987".

9) The original complaint, ¶ 20 states," Williams at no time has received any evidence of any ticket".

10) SCS admitted to being a debt collector on their website used to collect the disputed debt (See attachment B). On the SCS webpage it states, "This is an attempt to collect a debt by a debt collector..."

11) On the account Statement Printout (attachment C). Printout of account sent to Williams by Dreyer's office on March 9th, 2012 states, "Orig Debt: 50.00"

## Standard of Review

12) Although summary judgment is proper in any case where there is no genuine issue of material fact, this is not a case in which the court should grant summary judgment. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).

13) A defendant who seeks summary judgment on a plaintiff's cause of action must demonstrate the absence of a genuine issue of material fact by either (1) submitting summary judgment evidence that negates the existence of a material element of plaintiff's claim or (2) showing there is no evidence to support an essential element of plaintiff's claim. *J. Geils Band Employee Benefit Plan v. Smith Barney Shearson, Inc.*, 76 F3d 1245, 1251 (1st Cir. 1996); *see Celotex Corp.*, 477 U.S. at 322-23, 106 S.Ct. at 2552-53. Defendants cannot rely on conclusory statements to establish that plaintiff has not presented evidence on an essential element of his claim. Rather, defendant must demonstrate an absence of genuine factual dispute. *See Celotex Corp.* 477 U.S. at 327, 106 S.Ct. at 2555. Only if defendants meet their burden is plaintiff required to respond by summary judgment proof to show a genuine issue of material fact. Fed. R. Civ. P. 56(e).

14) In determining whether there is a disputed issue of material fact that precludes summary judgment, the court must consider all evidence in the light most favorable to plaintiff as the nonmovant. *Garcia v. Pueblo Country Club*, 229 F.3d 1233, 1236-37 (10th Cir. 2002).

15) The courts apply an objective standard; the "least sophisticated" or "unsophisticated" consumer standard. The U.S. Court of Appeals for the Eleventh Circuit in *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir. 1985), expressly rejected the standard employed by the district court, see also *Blackwell v. Professional Business Servs.*, 526 F.Supp. 535 (N.D.

Ga. 1981), of whether a reasonable consumer would be mislead or deceived, and applied the "least sophisticated consumer" standard to the deception analysis, 760 F.2d at 1177, utilizing the FTC standard. Id. at 1172-75. It reasoned that that Congress' intent in enacting the FDCPA -- as explicitly stated at 15 U.S.C. 1692(a) & (b) and as found in the Act's legislative history -- was to strengthen the federal protections for consumers. It would thwart this legislative intent to adopt a less protective standard for the FDCPA than the FTC Act. As more recently explained in Clomon v. Jackson, "The basic purpose of the least-sophisticated consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." 988 F.2d 1314 (2d Cir. 1993). See also Bentley v. Great Lakes Collection Bureau, 6 F.3d 60 (2d Cir. 1993); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988).

16) Some courts have required that a misrepresentation or omission be material to the unsophisticated or least sophisticated consumer. Wahl v. Midland Credit Mgmt., 556 F.3d 643 (7th Cir. 2009); Hahn v. Triumph P'ships LLC, 557 F.3d 755, 757 (7th Cir. 2009); Miller v. Javitch, Block & Rathbone, 561 F.3d 588, 596 (6th Cir. 2009); Donohue v. Quick Collect, Inc., 592 F.3d 1027 (9th Cir. 2010). All conduct specifically prohibited or disclosures specifically required by the FDCPA is "material." Mark v. J. C. Christensen & Assoc., Inc., 09-100, 2009 U.S.Dist. LEXIS 67724, *11 (D.Minn. Aug. 4, 2009).

17) Under either the "least sophisticated" or "unsophisticated" consumer standard, a collection communication which can plausibly be read in two or more ways, at least one of which is misleading, violates the law. Russell v. Equifax A.R.S., 74 F.3d 30, 35 (2d Cir. 1996). Accord Wilson v. Quadramed Corp., 225 F.3d 350, 354 (3rd Cir. 2000). See Gionis v. Javitch, Block & Rathbone, LLP, Nos. 06-3048 & 06-3171, 238 Fed. Appx. 24; 2007 U.S.

App. LEXIS 14054 (6th Cir., June 6, 2007), aff'g, Gionis v. Javitch, Block & Rathbone, 405 F. Supp. 2d 856 (S.D. Ohio, 2005).

## Argument

18) For the defendants to successfully argue for summary judgment they must show that there are no material fact issues as to any elements of the plaintiff's cause of action where the only element is whether defendants had met defendant's responsibility of the FDCPA. By not producing any validated ticket or judgment documentation, defendant has failed to prove that the FDCPA does not apply to Plaintiff's Complaint.

19) The defendants must therefore prove **through evidence before the court** rather than conclusory statements or speculation based on facts not in evidence that they had no responsibility of conduct as outlined by the FDCPA.

20) There is no validated evidence of a ticket offered by the defendants.

21) In determining whether a financial obligation constitutes a "debt," courts must look to the substance of the transaction. Slenk v. Transworld Syst., 236 F.3d 1072 (9th Cir. 2001). If there is no ticket, the alleged debt must be of a transaction not related to a ticket.

22) There is not one document in the record submitted by defendants as <u>verified evidence</u> to show the existence of any alleged "ticket" indicating the time of the infraction, the officer issuing the citation, the original ticket number, the judgment, the judgment date, the judge issuing the judgment, the fine resulting from the judgment, or the court that awarded a judgment.

23) All of the FDCPA case citations used in the Defendant's motion are based on a ticket of record or the Plaintiff admitting the existence of a ticket. Plaintiff Williams in this case has

not admitted a ticket or judgment. There is no ticket or judgment on the record. With no ticket on the record, these citations are not relevant. Specifically:

a) Gulley v. Markoff & Krasny, 664 F. 3d 1073, 1075 (7th Cir. 2011). In this case, Victor Gully did not refute that a real estate fine was issued.

b) In Williams v. Redflex Traffic Systems, Inc., 2008 U.S. Dist. LEXIS 22723 (E.D. Tenn. Mar. 20, 2008), Plaintiff Judy Williams did not refute the ticket.

c) Also, in the following cases that were used as citations in the Defendants' motion for dismissal involved a red light camera. Williams disputes the use of a red light camera for his alleged speeding ticket in 1987. To the best of Williams' knowledge red light cameras did not record speed. In these cases, **the original cases' plaintiffs did not dispute the existence of a ticket**. These are the cases that are not relevant (as the ticket's existence was not disputed) that were used in defendants pleading: Mabe v. GC Services Limited Partnership, 32 F.3d 86, 88 (4th Cir. 1994); Staub v. Harris, 626 F.2d 275, 278 (3rd Cir. 1980)). Also cited was Reid v. Am. Traffic Solutions, Inc., 2010 U.S. Dist. LEXIS 134518 (S. D. Ill. Dec. 20, 2010). Same defect is present in Defendants' citied Colorado State cases where the ticket's existence was not in question: Udis v Universal Communications Company, 56 P.3d 1177, 1179-1180 (Colo. App. 2002); see also, Commercial Service of Perry v. Fitzgerald, 856 P.2d 58, 60 (Colo. App. 1993).

24) Given that there is no ticket or judgment on the record, it is understandable that an "unsophisticated consumer" such as Plaintiff Williams may believe this debt is not caused by a ticket that to date he has not seen.

25) On the document that was sent to me by Kevin Dreyer's office (attachment C) there are apparent inconsistencies about the alleged ticket. The case number is "Case Nbr: 1986TR002738D". Also in the document it states an alleged ticket date of "Ticket Date: 4/22/1987". The first four digits from the alleged case number strongly suggest a case from 1986 while the alleged ticket date was in 1987. Plaintiff does not believe there can be a case before there is a ticket. The plaintiff believes this evidence on record suggests shoddy recordkeeping or perhaps something more serious.

26) The statements in defendants' motion have no other evidence to support the motion as a grounds for dismissal, are without question conclusory, and cannot support a motion for summary judgment. *See Celotex Corp.* 477 U.S. at 327, 106 S.Ct. at 2555.

27) The statements in defendants' motion fail to show case law where the existence of a ticket or fine is disputed by a plaintiff.

28) This Plaintiff's case was pled with sufficient particularity.

## Summary Judgment Evidence

29) In support of his response, plaintiff includes the following evidence in the attached appendix:

  a) Affidavit (attachment A). The affidavit of Wade A. Williams establishes the fact that there is no evidence before the court that there is ticket or judgment known to Wade A. Williams. The affidavit of Wade A. Williams also establishes the fact that Pioneer did attempt to collect the alleged debt without validating the debt or giving proper disclosure with a "mini-Miranda".

b) Printout of SC Services Webpage (attachment B). Clearly states, "This is an attempt to collect a debt by a debt collector..."

c) Statement Printout (attachment C). Printout of account sent to Williams by Dreyer's office on March 9th, 2012. Clearly states, "Orig Debt: 50.00" Also clearly states "Ticket Date: 4/22/1987" and "Case Nbr: 1986TR002738D".

## Conclusion

29. Without proof of a ticket and judgment, the defendants have not met their burden to show there are no material facts at issue for any element of the plaintiff's complaint. In determining whether genuine issues of material fact exist, "factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that an actual controversy exists." *Lunch Props.*, 140 F.3d at 625. The defendants have proffered nothing more than a dispute without evidence as to FDCPA's relevance to an illusory ticket and illusory judgment. Before there can be a dismissal based on the FDCPA not being applicable to a ticket, there has to be a ticket. There is no ticket or judgment on record thus making all statements based on an illusory ticket conclusory.

WHEREFORE, because the Defendants' have failed to show there are no issues of material fact before the Court the Plaintiff respectfully requests the Court deny the Defendants' motion to dismiss and allow Plaintiff's claim to move forward to trial on the merits.

Respectfully Submitted,

*[signature]*

Wade A. Williams

13843 Fairfax Street

Thornton, Colorado 80602

(720) 515-9233

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the document above was mailed USPS first class mail to the persons listed below on September 5, 2012:

Steven J. Wienczkowski, Esq.

621 Seventeenth Avenue, Suite 1800

Denver, Colorado 802933

By:

*/s/ Wade A. Williams*

Wade A. Williams

13843 Fairfax Street

Thornton, Colorado 80602

(720) 515-9233

Attachment A

## AFFIDAVIT

NOW COMES the Affiant, Wade A. Williams of Thornton, Colorado who is over the age of 21 years, competent to testify, and declares as follows under penalty of perjury regarding 1:12-cv-01734-REB-MEH Wade A Williams v Pioneer Credit Recovery, Inc., et al. (hereinafter "Defendants"), :

1. That Affiant/Plaintiff is not in receipt of anything, nor is there anything on the record made, that would show or prove that there was a ticket given to Affiant/Plaintiff in 1987.
2. That Affiant/Plaintiff is not in receipt of anything, nor is there anything on the record made, that would show or prove that there was a judgment based on a speeding ticket against Affiant/Plaintiff in 1987.
3. That Affiant/Plaintiff is not aware of any witnesses to the alleged ticket. The record fails to show any witnesses to an alleged ticket.
4. That Affiant/Plaintiff does not recall being in Wayne Illinois in 1987.
5. The record fails to show Affiant/Plaintiff was in Wayne Illinois in 1987.
6. That Affiant/Plaintiff does not recall getting a ticket in 1987.
7. The record fails to show Affiant/Plaintiff was given a ticket in 1987.
8. That Affiant/Plaintiff is not in receipt of anything, nor is there anything on the record made, that would show or prove that Defendants acquired any interest in any account or ticket of Wade A. Williams from anyone.
9. The Affiant/Plaintiff did visit the SC Services, & Associates, Inc. website and read "This is an attempt to collect a debt by a debt collector…" (See attachment B).

Attachment A

10. The Affiant/Plaintiff did receive an account printout from Attorney Dreyer's office that stated: "Orig Debt: 50.00"

### NOTARY'S VERIFICATION

STATE OF COLORADO §
§
COUNTY OF Adams §

On this day personally came before me the above-named Affiant, who proved his identity to me to my satisfaction, and he acknowledged his signature on this Affidavit in my presence and stated that he did so with full understanding that he was subject to the penalties of perjury.

AFFIRMATION

I hereby affirm that I prepared and have read this Affidavit and that I believe the foregoing statements in this Affidavit to be true and correct. I hereby further affirm that the basis of these beliefs is my own direct knowledge of the statements described herein.

Further the Affiant sayeth naught.

Signed in Thornton, Colorado
Date: September 5, 2012

Wade A. Williams

Name of Notary Ann Myong
Signature of notary

seal

ANN MYONG
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20034037591
MY COMMISSION EXPIRES NOVEMBER 4, 2015

|  |  |  |
|---|---|---|
| Only Payments Made In-Full are accepted on this website. If you want to make a partial payment please contact our main office (386) 752-0068 Option 6 | **SC SERVICES COURT PAY ONLINE**<br><br><--Please Read Below and Press the "ACCEPT" button to proceed with<br>\| ACCEPT \|   payment options. | SC SCSERVICES<br>P.O. Box 3116<br>Lake City, Fl 32056<br>Monday through Friday<br>Business Hours:<br>08:00 - 17:00 EST<br>(386) 752-0068 |

By Clicking the button marked "ACCEPT" you agree and acknowledge that you have been directed to this website by a written communication from SC Services. (a debt collector for Local Governments), which included an explanation of your important rights (if applicable), payment options, your account number, total balance due and the name of the original creditor/municipality or other Governmental agency of your account. If you are not responding to such a communication or if you do not want to pay online, please contact our office at (386) 752-0068 or write us at P.O. Box 3116, Lake City, FL 32056 to obtain alternative instruction.

You further acknowledge that by clicking on the button above, you understand that certain private information about your account will be displayed on your screen. You are responsible for maintaining the information displayed as private and take all responsibility for any disclosure of information to any third party occurring beyond this point. You may call the phone number above if you do not wish to continue to use this website.

Additional fees will be assessed for using your credit or debit card on this pay site, which will be stated prior to processing your payment. SC Services and Associates is not affiliated with any Department of Motor Vehicles and can not issue clearances nor can SC Services reinstate a driver's license.

\*\* EBT, Child Support, SSI cards can not be used for payment

For technical issues or questions email SC Services Tech Support HERE

SC Services is a debt collector for Municipalities and Local Governments. <u>This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose.</u>

Please note: Pioneer Credit Recovery has taken over collection of your court debt from SC Services on behalf of their clients. All further contact and questions should be directed to Pioneer Credit Recovery. Please refer to the toll free number listed in your correspondence.

ATTAchment C

Network UserID: e65165 PC: PWNIFISBC PRINT DATE: 3/1/2012 4:42:09 PM

scsid: 01700019101700433 State: IL County: WAYNE

Case Nbr: 1986TR002738D Ticket Number: 001 Ticket Date: 4/22/1987 Offense: DRVG 16-20 MPH ABOV

Last Name: WILLIAMS First Name: WADE Middle Name: A DOB: 10/20/1965

Address: 13843 FAIRFAX ST City: THORNTON State: CO Zip Code: 80602-7867

Orig Debt: 50.00 SCS Fee: 15.00 Prof Fees: 0.00

TicketPPFee: $0.00 Fax Fee: 0.00 Add'l Hdlg: 0.00 Bad Ck Fee: 0.00

Total Due: 65.00 Status: ACTIVE Paid Off Date: Last Ltr Dt: 2/22/2012

PAYMENTS